IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY J. CUNNINGHAM, Sr.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–00123−MJR |
| | ) |
| **C/O SHARP,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Timothy Cunningham, Sr., an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against C/O Sharp, a correctional officer at Lawrence who allegedly interfered with his access to the courts in November 2015. (Doc. 2). He seeks monetary relief. (Doc. 2, p. 18).

Plaintiff originally brought the access-to-courts claim ("Count 4") against C/O Sharp in another case that he filed in this District. *See Cunningham v. Bridwell, et al.*, No. 16-cv-01360-MJR (S.D. Ill. 2017) ("original case"). Count 4 was severed from the original case because it was unrelated to other claims that Plaintiff asserted therein. (Doc. 10, original case). The instant case was opened on February 8, 2017. (Doc. 1, instant case).

Count 4 is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Count 4 does not survive screening under this standard and shall therefore be dismissed.

## The Complaint

The allegations offered in support of Plaintiff's access-to-courts claim are set forth in a single paragraph of his Complaint, as follows:

> On 11-8-15 in House 6AL01 at 9:30 (or thereabout) I handed C/O Sharp an envelope to place in institutional mail, complete with my return address and marked "To Law Library," with two motions and exhibits (about 200 pages) for copying. My requests for the Law Library trying to locate this envelope on 11-17-15, 11-20-15, and 11-24-15 were never received by the Law Library--and of course I got no response. I presume officers diverted those requests, just like they had diverted my motions for copies. I located and retrieved that envelope on 11-27-15. It was in the control center for my building (where all officers lounge 24 hours per day). It was open but complete. Law Library did not receive it, nor was it returned to me until C/O Bruner located it for me, and C/O Tanner passed it to me through the pass through port outside the control center. This was the second such diversion of mail I had experienced while prosecution of my Habeas Corpus

> and its Appeal. The answer to my Grievance (#12-15-63) revolved around the elevator instead of what I grieved--mail diversion and access to the courts. It suggests I submit written requests (via institutional mail) to the Law Library for arrangements. I couldn't get any mail to the Law Library to request anything due to the diversion by my house officers! Grievance sent to grievance officer on 12/17/15 was not reviewed until 2-29-16. Warden signed off on it on 3/2/16, and I received it on 3-29-16. I copied it and sent it on to the A.R.B. on 3-30-16, and have not gotten a response yet.

(Doc. 2, pp. 7-8). In short, Plaintiff alleges that C/O Sharp took an envelope with two motions from him and failed to deliver it to the law library for photocopies. *Id*.

## Discussion

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court in a civil rights action brought pursuant to 42 U.S.C. § 1983. *Id*. The Seventh Circuit has derived a two-part test to determine whether prison officials have violated a prisoner's right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). A prisoner must first show that he was deprived of court access, and he must also show that he suffered an actual injury as a result. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). In other words, a plaintiff must allege both that prison officials failed to help him prepare and file meaningful legal papers, and he must demonstrate that he lost a valid claim or defense because of the challenged conduct. *Id*. Plaintiff's allegations satisfy neither requirement.

The allegations do not suggest that C/O Sharp failed to assist Plaintiff in preparing or filing legal papers. The correctional officer took an envelope from Plaintiff when he requested photocopies. (Doc. 2, pp. 7-8). It is not clear why the envelope containing Plaintiff's legal papers never made it to the law library, why Plaintiff later found it open, or whether C/O Sharp was responsible for either. In the context of prison mail, however, an isolated or sporadic delay in the delivery or filing of legal materials generally gives rise to no constitutional claim. *See,*

*e.g., Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citations omitted); *Sizemore v. Wiliford*, 829 F.2d 608, 610 (7th Cir. 1987) (sporadic disruption of mail service does not violate Constitution). Typically, a prisoner is required to demonstrate a "continuing pattern or repeated occurrences" to state a valid claim. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). Plaintiff only refers to this single incident involving C/O Sharp. Although he mentions a second incident, Plaintiff does not allege that C/O Sharp was responsible for it.

The allegations also fail to describe any detriment to specific litigation that resulted from C/O Sharp's conduct. Plaintiff is required to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Plaintiff need not show that he would have prevailed on the underlying claim, only that the claim was not frivolous. *Walters v. Edgar,* 163 F.3d 430, 434 (7th Cir. 1998) (plaintiff need not show "that had it not been for his being denied access to the courts, he would have won at least one court case"). The allegations allude only to a pending habeas matter and an appeal. The Complaint does not suggest that either claim was lost because of C/O Sharp's conduct.

Count 4 shall be dismissed for failure to state a claim upon which relief may be granted. However, the dismissal of this claim is without prejudice, and Plaintiff shall be granted leave to file a "First Amended Complaint." If he chooses to do so, Plaintiff will be bound by the instructions and deadline for doing so below.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 4**, the only claim at issue in this severed case, is **DISMISSED** without prejudice against Defendant **C/O SHARP** for failure to state a claim upon which relief may be granted.

4

Plaintiff is **GRANTED** leave to file a First Amended Complaint in this case **on or before April 21, 2017.** Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an Amended Complaint in this District, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-123-MJR) on the first page.

Plaintiff must describe the actions taken by C/O Sharp that resulted in his denial of access to the courts. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his Amended Complaint. Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An Amended Complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the

First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 24, 2017**

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**
