IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. CUNNINGHAM, Sr., #R05718,<br><br>      Plaintiff,<br><br>vs.<br><br>C/O SHARP,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Case No. 17−cv−00123−MJR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

The instant *pro se* civil rights action was opened after a single access-to-courts claim ("Count 4") was severed from another case that Plaintiff Timothy Cunningham, Sr., filed in this District pursuant to 42 U.S.C. § 1983. *See Cunningham v. Bridwell*, No. 16-cv-01360-MJR (S.D. Ill. 2017). Plaintiff brought the severed claim against C/O Sharp, a correctional officer at Lawrence Correctional Center ("Lawrence") who allegedly interfered with his access to the courts in November 2015. (Doc. 2). Plaintiff requested monetary relief against the defendant. (Doc. 2, p. 18).

This Court dismissed the claim at screening on March 24, 2017. (Doc. 7). However, the dismissal was without prejudice, and Plaintiff was granted leave to file a First Amended Complaint to re-plead the claim if he wished to do so. (Doc. 7, p. 5). His deadline for doing so was April 21, 2017. *Id*. Plaintiff was warned that this severed case would be dismissed with prejudice, if he failed to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in the Order. *Id*.

1

Plaintiff missed the deadline for filing his First Amended Complaint. A week has now passed since the deadline expired. The Court has received no communication from him, including a request for an extension of the deadline. The Court will not allow this matter to linger. Consistent with the Court's prior warning, this action shall be dismissed and a "strike" assessed against Plaintiff.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with this Court's Order (Doc. 7) dated March 24, 2017, and his failure to prosecute his claim. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 28, 2017**

s/ MICHAEL J. REAGAN
**Chief District Judge**
**United States District Judge**
